```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA            :
                                    :       16 CR 236 (VM)
     - against -                    :       17 CR 262 (VM)
                                    :
NATHAN ITZCHAKI,                    :       ORDER
                                    :
               Defendant.           :
------------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

The Court has received a motion by defendant Nathan Itzchaki ("Itzchaki") for compassionate release pursuant to 18 U.S.C. Section 3582(c)(1)(A)(i) ("Section 3582"). (See "Motion," No. 17 CR 262, Dkt. No. 641.) Itzchaki is currently serving a sentence of sixty-six months' imprisonment at FCI Cumberland, having pleaded guilty to one count of wire fraud, in violation of 18 U.S.C. Section 1343, and one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. Section 1349. (See No. 16 CR 236, Dkt. No. 59.)

Itzchaki now moves for compassionate release under Section 3582 due to the risks presented by the ongoing COVID-19 pandemic. The Government opposes Itzchaki's Motion. (See "Opposition," No. 17 CR 262, Dkt. No. 643.) Based on its review of Itzchaki's Motion, the Government's Opposition, and the relevant case law, the Court will deny the Motion.

Section 3582 allows a court to reduce a term of imprisonment or supervised release after finding that "extraordinary and compelling reasons warrant such a reduction." Section 3582(c)(1)(A)(i). A court may do so only upon motion of the Director of the Bureau of Prisons ("BOP") or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Section 3582(c)(1)(A). Any reduction of sentence under Section 3582 must be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." Id. United States Sentencing Guidelines Section 1B1.13 ("Section 1B1.13") provides guidance on the circumstances under which "extraordinary and compelling reasons" exist. Finally, the Court must also consider the factors set forth in 18 U.S.C. Section 3553(a) in determining whether it should grant compassionate release.

Itzchaki first argues that his age and health conditions constitute "extraordinary and compelling reasons" warranting a reduction in his sentence. He is 61 years old and suffers from hypertension, diabetes, and skin

2

cancer. Itzchaki points to several cases from this District and others recognizing these and similar conditions as "extraordinary and compelling reasons" warranting sentence reductions. Itzchaki notes that there have been eight confirmed cases of COVID-19 at FCI Cumberland, and argues that the true number may be much higher given that FCI Cumberland is not testing asymptomatic individuals. Itzchaki contends that he does not present a danger to the community, given that he is highly unlikely to recidivate and was convicted of a nonviolent financial crime. Next, Itzchaki addresses the Section 3553(a) factors, and urges the Court to hold that these factors weigh in favor of relief because he has accepted responsibility for his crime; has expressed explicit and repeated remorse; has already served significant time in prison sufficient to deter future misconduct and reflecting the seriousness of the offense; and is ashamed of the crime and the harm suffered by his victims. Finally, Itzchaki notes that courts around the country are ordering prisons to reduce their population in order to mitigate the danger, and further argues that the BOP has not properly protected at-risk inmates.

In its Opposition, the Government concedes that Itzchaki has demonstrated "extraordinary and compelling

reasons" that make him eligible for relief due to his health issues.[1] Nevertheless, the Government brings four arguments for why, based on the Section 3553(a) factors, the Court should not grant compassionate release at this time. First, the Government argues that Itzchaki's conduct merited the Court's sentence as it was imposed because he and his co-conspirators inflicted devastating losses on their victims, he continued with one fraudulent scheme even after being arrested and convicted of another fraudulent scheme, and he attempted to collect and destroy evidence even after being caught. The Government includes an email from victim Sachin Daga who notes the continued and serious repercussions of Itzchaki's crimes. Second, the Government points out that Itzchaki has served only 14 percent of his sentence, and argues that a reduction would not only fail to reflect the seriousness of the offense but also fail to afford adequate deterrence. Third, the Government argues that reducing Itzchaki's sentence would disserve the need to avoid unwarranted sentencing disparities among defendants who played similar roles in the fraudulent schemes. Fourth, and finally, the Government outlines the steps that the BOP has taken and continues to take to

---

[1] As an initial matter, the parties agree, and the Court assumes, that Itzchaki has exhausted his administrative remedies, such that the Motion is properly before the Court.

4

ensure the health and safety of inmates both in general and in FCI Cumberland specifically.

The Court will deny the Motion on the grounds that the Section 3553(a) factors counsel strongly against release. Itzchaki has only served approximately 14 percent of his sentence, which was imposed for two separate fraud schemes. Given the length of time remaining on his sentence, immediate release would not serve the principle of deterrence. See United States v. Meiri, 2020 WL 3605556, at *3 (S.D.N.Y. July 2, 2020) (denying compassionate release in part because the defendant had "as of now[] served a very short sentence given the severity of his crimes" and recommending the BOP consider furlough). As the victim's account makes clear, these were serious crimes with lasting effects, such that a reduced sentence would not reflect the harm suffered. A reduced sentence would also introduce an unwarranted disparity with his codefendant and business partner, who played a similar role and received a similar sentence, and whose motion for compassionate release was also denied. (See United States v. Foozailov, No. 17 CR 262, Dkt. No. 639 (denying compassionate release but recommending the BOP consider whether temporary release would be appropriate).) Finally, in light of the measures taken by the BOP, as outlined by the Government, the Court

5

is not persuaded by Itzchaki's contention that FCI Cumberland is not taking proper precautionary measures by only taking inmates' temperatures five days per week.

In short, the Court is not persuaded that a reduced sentence would adequately reflect the seriousness of the crimes committed, provide just punishment for the offense, and afford adequate deterrence to criminal conduct.

Accordingly, it is hereby

**ORDERED** that the motion of defendant Nathan Itzchaki for compassionate release (Dkt. No. 641) is **DENIED**. The Clerk of Court is respectfully directed to enter this Order in both Docket 17 CR 262 and Docket 16 CR 236.

**SO ORDERED.**

Dated: New York, New York
       21 July 2020

_____
Victor Marrero
U.S.D.J.